(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.   SUPERIOR COURT
CIVIL ACTION
NO. 2282CV01125

Quincy Mutual Fire Insurance, a/s/o Evan + Sharon Gold
................................................., Plaintiff(s)

v.

Hoverzon, LLC and Amazon.com Services LLC
................................................., Defendant(s)

### SUMMONS

To the above-named Defendant: Hoverzon, LLC (via its registered Agent Brett Barbour)

You are hereby summoned and required to serve upon Michael K. O'Malley, Esq., plaintiff's attorney, whose address is 4 Court Street, Suite 212, Plymouth, MA 02360 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, JUDITH FABRICANT, Esquire, at ........................... the ...........................
day of ..........................., in the year of our Lord two thousand and ...........................

............................................. Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPT.
CIVIL ACTION NO. 2282CV1125

QUINCY MUTUAL FIRE INSURANCE )
COMPANY, A/S/O EVAN & SHARON GOLD, )
)
    Plaintiff )
)
v. )   COMPLAINT
)
HOVERZON, LLC, AND AMAZON.COM )
SERVICES LLC, )
)
    Defendant )

RECEIVED & FILED
2022 DEC -6 AM 9:48
CLERK OF THE COURTS
NORFOLK COUNTY

The Plaintiff, Quincy Mutual Fire Insurance Company, as subrogee of Evan & Sharon Gold, through its attorneys, hereby alleges as follows:

## PARTIES

1. At all times material hereto, the Plaintiff, the Quincy Mutual Fire Insurance Company (hereinafter "Quincy Mutual") is a property and casualty insurance company authorized to conduct business in the writing of fire and allied lines of insurance coverage within the Commonwealth of Massachusetts, whose principal place of business is located in the City of Quincy, Norfolk County, Massachusetts.

2. At all times material hereto, subrogor, Evan & Sharon Gold (hereinafter the "Golds"), are the owners and occupants of the residential property located at 253 Charles River Street, Needham, Norfolk County, Massachusetts (hereinafter the "Subject Property"), which is the subject of this lawsuit.

3. At all times material hereto, the defendant, Hoverzon, LLC (hereinafter "Hoverzon") is a Nevada corporation engaged in the manufacture, distribution, and retail sale of Swagway-brand hoverboards (hereinafter "the product"), battery-operated self-balancing recreational scooters, to include distribution and sale of such electronic devices in Massachusetts, whose principal place of business is located at 3431 William Richardson Drive, South Bend, Indiana.

4. At all times material hereto, the defendant, Amazon.com Services LLC (hereinafter "Amazon"), is a Washington State corporation engaged in the distribution and retail sale of innumerable consumer products throughout the United States of America, with multiple distribution centers throughout Massachusetts, to include the distribution and sale of Hoverzon manufactured Swagway-brand hoverboards, whose principal place of business is located at 410 Terry Avenue North, Seattle, Washington.

## JURISDICTION

5. Jurisdiction of the subject matter for this action is conferred upon this Court by virtue of M.G.L. c. 212, § 3.

## ALLEGATIONS OF FACT

6. At all times material hereto, the Subject Property was occupied by the Golds as their primary residence.

7. On or about May 3, 2020, a fire originated on the floor of the Subject Property's second floor front-left bedroom, at a battery operated Hoverzon manufactured Swagway-brand hoverboard, a product which was plugged-in and charging at the time of the fire.

8. The cause of the subject fire was attributable to a malfunction of the hoverboard's lithium-ion battery power supply system due to a manufacturing defect.

9. Upon information and belief, the subject fire occurred during the reasonable and foreseeable operation of the product, with the product being in substantially the same defective condition that it was in when originally manufactured and distributed, and subsequently purchased and put to use by the Golds.

10. At all times material hereto, Quincy Mutual had issued to the Golds a policy of homeowner's insurance, Policy No. HP209503, with effective dates from May 6, 2019, through May 6, 2020, which carried a $1,000.00 deductible.

11. In accordance with the governing aforementioned insurance policy, Quincy Mutual issued actual cash value claim payments to its subrogors, the Golds, subject to the policy's deductible, for the repair and/or replacement of their damaged property and for their incurred additional living expenses.

12. As a result, Bunker Hill is now legally subrogated to the recovery of the aforementioned claim payments and deductible from Broan, the sum of which is sufficient to invoke the jurisdiction of this Honorable Court.

### FIRST COUNT – NEGLIGENCE
### HOVERZON, LLC

13. The plaintiff repeats the allegations contained in paragraphs 1 through 12 above and incorporates them by reference herein.

14. The defendant, Hoverzon, owed a duty of care to the Golds to design, manufacture, market, distribute, and sell the above identified hoverboard in a safe, reasonable and non-hazardous manner.

15. The subject product, however, was not of merchantable quality and, in fact, was not safe, fit or usable for the purpose for which it was designed and/or manufactured, marketed, distributed, and sold.

16. In complete disregard of its duties, however, the defendant, Hoverzon, negligently performed said duty, which, as a result, was the direct and proximate cause of plaintiff's damages as set forth herein.

## SECOND COUNT – BREACH OF CONTRACT
## HOVERZON, LLC

17. The plaintiff repeats the allegations contained in paragraphs 1 through 16 above and incorporates them by reference herein.

18. The defendant, Hoverzon, warranted that the above identified hoverboard would operate in a safe, reasonable and non-dangerous and non-hazardous manner.

19. The subject product, however, was not of merchantable quality and, in fact, was not safe, fit or usable for the purpose for which it was designed and/or manufactured, marketed, distributed, and sold.

20. During normal and foreseeable operation of the hoverboard, the product malfunctioned and ignited a fire at the Subject Property. As a direct and proximate cause of the defendant Hoverzon's breach of contract, the plaintiff was harmed as set forth herein.

## THIRD COUNT – BREACH OF IMPLIED WARRANTY
## HOVERZON, LLC

21. The plaintiff repeats the allegations contained in paragraphs 1 through 20 above and incorporates them by reference herein.

22. The defendant Hoverzon impliedly warranted that the subject hoverboard was of merchantable quality, fit, safe, and in proper condition for the ordinary use for which it was designed, manufactured, marketed, distributed, and ultimately used and, in reliance of this

implied warranty of merchantability, the product was purchased and operated in a reasonable and foreseeable manner.

23. The subject product, however, was not of merchantable quality and, in fact, was not safe, fit or usable for the purpose for which it was designed and/or manufactured, marketed, distributed, and sold.

24. Therefore, as a direct and proximate result of the defendant manufacturer Hoverzon's breach of the implied warranty of merchantability, the plaintiff was damaged as set forth herein.

### FOURTH COUNT – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### HOVERZON, LLC

25. The plaintiff repeats the allegations contained in paragraphs 1 through 24 above and incorporates them by reference herein.

26. The subject hoverboard was marketed, distributed, sold and placed in the stream of commerce by the defendant Hoverzon with a reasonable expectation that it would be operated by consumers such as the Golds for its intended purpose.

27. However, the product was marketed, sold, distributed and placed in the stream of commerce in a defective condition such that the product malfunctioned and caught fire causing significant damage to the Subject Property and personal property stored therein.

28. In careless disregard of its duties, the defendant Hoverzon did market, distribute, and/or place in the stream of commerce, a defectively designed and/or manufactured product, causing the plaintiff's damages as set forth herein.

## FIFTH COUNT - BREACH OF EXPRESSED WARRANTY
## HOVERZON, LLC

29. The plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 above.

30. The defendant Hoverzon through labeling, advertisement and visual and verbal representations directed to the attention of the public generally, expressly warranted that the subject hoverboard could be used for its intended or particular purpose and was safe and free from defects.

31. Pursuant to Mass. Gen. Laws c. 106, § 2-313, and in reliance upon such warranty made by the defendant, the Golds did in fact purchase and operate the subject product for its intended and particular purpose.

32. At the time the product was originally purchased, however, it was, in fact, defective, and not safe or reasonably suitable or fit for the purposes advertised.

33. As a result, the defendant's expressed warranties were not true, and such breaches of warranty proximately caused the plaintiff's damages as set forth herein.

## SIXTH COUNT - VIOLATION OF CHAPTER 93A
## HOVERZON, LLC

34. The plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33 above.

35. The defendant Hoverzon marketed, distributed and sold a defective hoverboard which was unfit, unsafe and posed a fire hazard.

36. The subject hoverboard in fact malfunctioned and ignited a fire, which caused plaintiff to suffer extensive damages as set forth herein.

37. Through its marketing, distribution, and sale of a defective product, the defendant Hoverzon's actions are violations of Massachusetts General Laws Chapter 93A, also known as the Massachusetts Consumer Protection Statute.

38. As a result, the plaintiff is entitled to the recovery of damages promulgated by the Massachusetts State Legislature as set forth under the aforementioned Consumer Protection Statute.

## SEVENTH COUNT – NEGLIGENCE
## AMAZON.COM SERVICES LLC

39. The plaintiff repeats the allegations contained in paragraphs 1 through 38 above and incorporates them by reference herein.

40. The defendant Amazon owed a duty of care to the Golds to market, distribute and sell the above identified hoverboard in a safe, reasonable and non-hazardous manner.

41. The subject product, however, was not of merchantable quality and, in fact, was not safe, fit or usable for the purpose for which it was designed and/or manufactured, marketed, distributed, and sold.

42. In complete disregard of its duties, however, the defendant Amazon negligently performed said duty, which, as a result, was the direct and proximate cause of plaintiff's damages as set forth herein.

## EIGHTH COUNT – BREACH OF CONTRACT
## AMAZON.COM SERVICES LLC

43. The plaintiff repeats the allegations contained in paragraphs 1 through 42 above and incorporates them by reference herein.

44. The defendant Amazon warranted that the above identified hoverboard would operate in a safe, reasonable and non-dangerous and non-hazardous manner.

45. The subject product, however, was not of merchantable quality and, in fact, was not safe, fit or usable for the purpose for which it was designed and/or manufactured, marketed, distributed, and sold and.

46. During normal and foreseeable operation of the subject hoverboard, the product malfunctioned and ignited a fire at the Subject Property. As a direct and proximate cause of the defendant Amazon's breach of contract, the plaintiff was harmed as set forth herein.

### NINTH COUNT – BREACH OF IMPLIED WARRANTY
### AMAZON.COM SERVICES LLC

47. The plaintiff repeats the allegations contained in paragraphs 1 through 46 above and incorporates them by reference herein.

48. The defendant Amazon impliedly warranted that the subject hoverboard was of merchantable quality, fit, safe, and in proper condition for the ordinary use for which it was designed, manufactured, distributed and ultimately used and, in reliance of this implied warranty of merchantability, the product was purchased and operated in a reasonable and foreseeable manner.

49. The subject product, however, was not of merchantable quality and, in fact, was not safe, fit or usable for the purpose for which it was designed and/or manufactured, marketed, sold and distributed.

50. Therefore, as a direct and proximate result of the defendant distributor Amazon's breach of the implied warranty of merchantability, the plaintiff was damaged as set forth herein.

### TENTH COUNT – BREACH OF IMPLIED WARRANTY OF
### FITNESS FOR A PARTICULAR PURPOSE
### AMAZON.COM SERVICES LLC

51. The plaintiff repeats the allegations contained in paragraphs 1 through 50 above and incorporates them by reference herein.

52. The subject hoverboard was marketed, distributed, placed in the stream of commerce and sold by the defendant Amazon with a reasonable expectation that it would be operated by consumers such as the Golds for its intended purpose.

53. However, the product was marketed, distributed, placed in the stream of commerce and sold in a defective condition such that the product malfunctioned and caught fire causing significant damage to the Subject Property and personal property stored therein.

54. In careless disregard of its duties, the defendant Amazon did market, distribute, place in the stream of commerce, and sold a defectively designed and/or manufactured product, causing the plaintiff's damages as set forth herein.

## ELEVENTH COUNT - BREACH OF EXPRESSED WARRANTY
## AMAZON.COM SERVICES LLC

55. The plaintiff incorporates by reference the allegations contained in paragraphs 1 through 54 above.

56. The defendant Amazon through labeling, advertisement and visual and verbal representations directed to the attention of the public generally, expressly warranted that the subject hoverboard could be used for its intended or particular purpose and was safe and free from defects.

57. Pursuant to Mass. Gen. Laws c. 106, § 2-313, and in reliance upon such warranty made by the defendant, the Golds did in fact purchase and operate the subject product for its intended and particular purpose.

58. At the time the product was originally purchased, however, it was, in fact, defective, and not safe or reasonably suitable or fit for the purposes advertised.

59. As a result, the defendant's expressed warranties were not true, and such breaches of warranty proximately caused the plaintiff's damages as set forth herein.

### TWELTH COUNT - VIOLATION OF CHAPTER 93A
### AMAZON.COM SERVICES LLC

60. The plaintiff incorporates by reference the allegations contained in paragraphs 1 through 59 above.

61. The defendant Amazon marketed, distributed, and sold and a defective hoverboard which was unfit, unsafe and posed a fire hazard.

62. The subject hoverboard in fact malfunctioned and ignited a fire, which caused plaintiff to suffer extensive damages as set forth herein.

63. Through its marketing, distribution, and sale of a defective product, the defendant Amazon's actions are violations of Massachusetts General Laws Chapter 93A, also known as the Massachusetts Consumer Protection Statute.

64. As a result, the plaintiff is entitled to the recovery of damages promulgated by the Massachusetts State Legislature as set forth under the aforementioned Consumer Protection Statute.

WHEREFORE, the plaintiff, Quincy Mutual Fire Insurance Company, as subrogee of Evan & Sharon Gold, requests the following relief:

1. Enter judgment against the defendant, Hoverzon, LLC;

2. Enter judgment against the defendant, Amazon.com Services LLC;

3. Award damages to the plaintiff for an amount necessary to invoke the jurisdiction of this Honorable Court;

4. Award the plaintiff interest, costs and expenses;

5. Award the plaintiff damages pursuant to Massachusetts General Laws, Chapter 93A; and,

6. Award such other relief, as this Honorable Court deems just and appropriate.

          Respectfully Submitted,
          On Behalf of the Plaintiff,
          Quincy Mutual Fire Insurance Company,
          As Subrogee of Evan & Sharon Gold,
          By its Attorneys,

          **BUCHANAN AND ASSOCIATES**

          */s/ James T. Buchanan*
          James T. Buchanan (BBO #561098)
          jtb@buchananassoc.com
          124 Washington St., Suite 303
          Foxboro, MA 02035
          TEL: 781-255-0330
          (781) 255-0330

          */s/ Michael O'Malley*
          Michael O'Malley (BBO# 542061)
          omalleylegal@gmail.com
          124 Washington St., Suite 303
          Foxboro, MA 02035
          TEL: 781-255-0330
          (781) 255-0330

Dated: 12-5-22